IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-43-1H

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| SHAWN SCOTT FONVILLE, | ) |
| Defendant. | ) |

This matter is before the court on defendant's Motion to Dismiss Count Two of the Indictment. [D.E. #52]. The government has filed a response, and this matter is ripe for adjudication.

### BACKGROUND

On May 27, 2014, defendant was charged in a two-count Indictment with knowingly and intentionally possessing with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Two). [D.E. #1]. Defendant timely filed the instant Motion to Dismiss Count Two of the Indictment, [D.E. #52], on December 14, 2015, alleging he does not have a qualifying predicate felony conviction to support the charge.

### COURT'S DISCUSSION

The government alleges defendant's prior North Carolina larceny conviction, for which defendant was sentenced to a

minimum term of imprisonment of 6 months and a maximum term of 17 months, see [D.E. #52-1], is a qualifying predicate felony conviction to support an element of conviction under Count Two of the Indictment. Defendant disagrees, arguing his North Carolina larceny conviction did not subject him to more than one year of imprisonment and, therefore, cannot be considered a felony under federal law.

The North Carolina Justice Reinvestment Act (JRA) significantly revised the law of sentencing and corrections in North Carolina. See JRA, N.C. Sess. L. 2011-192. In response to a study showing offenders who receive community supervision have lower recidivism rates than offenders who do not receive supervision, North Carolina enacted the JRA which, in part, imposed a new nine-month term of mandatory post-release supervision for Class F felonies and below. See generally, James M. Markham, The North Carolina Justice Reinvestment Act 5 (2012). Before enactment of the JRA, some North Carolina "felonies" could not be considered felonies under federal law because the maximum term of imprisonment imposed could not exceed one year in some lower class "felonies." See United States v. Barlow, __ F.3d __, 2015 WL 9269972, at *3 (4th Cir. Dec. 21, 2015). This, however, is no longer the case because under the JRA the lowest possible "maximum term of imprisonment"

2

for a felony conviction in North Carolina, regardless of offense class or prior record level, is now thirteen months. Id.

Enactment of the JRA created significant ambiguity for federal courts attempting to determine whether North Carolina convictions qualified as felonies under federal law. Courts, even within the Eastern District of North Carolina, diverged when asked whether the mandatory nine-month term of supervised release, incorporated into the term of imprisonment under the JRA, lengthened the maximum "term of imprisonment" for lower class felonies in North Carolina to qualify as felonies under federal law. See e.g., United States v. Edwards, 2015 WL 4111159 (July 7, 2015) (holding the nine-month term of supervised release imposed under the JRA does not constitute a term of imprisonment); compare United States v. Bunn, __ F.Supp.3d__, 2015 WL 3891367 (holding the nine-month term of supervised release imposed under the JRA does constitute a term of imprisonment). The Fourth Circuit has now answered this question.

In Barlow, the Fourth Circuit held that "all North Carolina felonies [under the JRA] now qualify as federal predicate felonies..." because "the lowest possible maximum term of imprisonment for a felony conviction in North Carolina, regardless of offense class or prior record level, is thirteen months." Barlow, 2015 WL 9269972, at *3. The Fourth Circuit

3

contrasted the federal sentencing structure, separating supervised release from any term of imprisonment imposed, with the new North Carolina system that "includes the supervision in the term of imprisonment." Id. at *4. The court reasoned because the North Carolina JRA renders the mandatory term of post-release supervision "part of the total term of imprisonment[,]" offenders "on post-release supervision are still serving their terms of imprisonment." Id. (emphasis in original). The Fourth Circuit, therefore, in Barlow concludes the post-release term of supervision mandated by the North Carolina JRA does constitute a "term of imprisonment" to which an offender is exposed, regardless of the likelihood he or she will actually be imprisoned upon a later administrative revocation. Id. at *5.

In the instant case, defendant was sentenced to a minimum term of imprisonment of 6 months and a maximum term of 17 months, inclusive of the nine-month term of supervised release as mandated by the JRA, following his North Carolina larceny conviction in 2012. After the Fourth Circuit's decision in Barlow, the court must conclude defendant was exposed to a term of imprisonment in excess of one year following his North Carolina larceny conviction in 2012. Therefore, the government has sufficiently alleged facts in support of Count Two of the Indictment, and defendant's Motion to Dismiss is DENIED.

4

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss, [D.E. #52], is DENIED.

This 20TH day of January 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

5